IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARBOR GLOBAL STRATEGIES LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | Case No. 2:19-cv-00333-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG SEMICONDUCTOR, INC., | § § § § § § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss for Lack of Standing ("Motion to Dismiss"), filed by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, the "Defendants"). (**Dkt. 22**). After consideration, the Court recommends that Defendants' Motion to Dismiss be **DENIED**.

Plaintiff Arbor Global Strategies LLC ("Plaintiff") filed this action against Defendants, asserting infringement of three related patents.[1] (Dkt. 1 at 5–6). Defendants subsequently filed this motion, requesting the Court dismiss this action under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6).[2] It contends that "[a]lthough [Plaintiff] asserts it is the sole owner of the asserted patents, the public record demonstrates that it does not have obligatory standing." (Dkt. 22 at 1).

Yet, Defendants agree that "[w]hen ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may consider: (1) the complaint alone . . . ." (*Id*. at 10 (citing *Den Norske Stats*

---

[1] Plaintiff asserted U.S. Patent No. 6,781,226 ("the '226 Patent"), U.S. Patent No. 7,282,951 ("the '951 Patent"), and U.S. Patent RE42,035 ("the '035 Patent").
[2] After Defendants filed the motion on February 5, 2020, Plaintiff responded on February 20, 2020 (Dkt. 26). Defendants replied on February 27, 2020 (Dkt. 27), to which Plaintiff filed a sur-reply on March 6, 2020 (Dkt. 28).

*Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001))). The same can be said for their stance on motions to dismiss under Rule 12(b)(6). (*Id.* at 11 (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019))).

Plaintiff's complaint is clear—Plaintiff is the sole owner of the asserted patents. (*See, e.g.*, Dkt. 1 at ¶ 14 ("All rights, title, and interest in the '226 Patent have been assigned to [Plaintiff], who is the sole owner of the '226 Patent."); *see also id.* at ¶¶ 17, 20). Therefore, Plaintiff's complaint is sufficient to establish standing at this time. After due course when discovery has sufficiently progressed, should Defendants feel the issue is still live, it may raise the issue on summary judgment where it will be decided at that time.

At this time though, for the reasons stated herein, the Court recommends that Defendants' Motion to Dismiss be **DENIED**.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 24th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE