UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARBOR GLOBAL STRATEGIES LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.;<br>SAMSUNG ELECTRONICS AMERICA, INC.; and<br>SAMSUNG SEMICONDUCTOR, INC.,<br><br>　　　　Defendants. | Case No. 2:19-cv-00333-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## THE SAMSUNG DEFENDANTS' ANSWER

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Semiconductor, Inc. ("SSI") (collectively, "the Samsung Defendants") file this, their Answer to the Complaint for Patent Infringement (Dkt. No. 1) filed by Plaintiff Arbor Global Strategies LLC ("Arbor"). Samsung denies the allegations and characterizations in Arbor's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint:

### THE PARTIES[1]

1.　　To the extent that the allegations of Paragraph 1 set forth legal conclusions, no response is required. The Samsung Defendants lack knowledge or information sufficient to form

---

[1] Samsung repeats the headings set forth in the Complaint to simplify comparison of the Complaint and this response. In doing so, Samsung makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Samsung specifically denies all such allegations.

a belief about the truth of the other allegations in Paragraph 1 of the Complaint, and therefore deny them.

2.  The Samsung Defendants admit that D. James Guzy, along with Jon M. Huppenthal, is a named inventor on the cover page of Arbor's asserted patents.  The Samsung Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations in Paragraph 2 of the Complaint, and therefore deny them.

3.  SEC admits it is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, Republic of Korea.  SEC admits that SEA is a wholly-owned subsidiary of SEC, and SEC further admits that it has subsidiaries which, collectively with SEC, operate four business divisions: Consumer Electronics ("CE"), Information Technology & Mobile Communications ("IM"), Device Solutions, and Harman International Industries, Inc. ("Harman").  SEC admits that the Consumer Electronics division has involvement in the design, manufacture, and sales in certain locations of products such as digital televisions and computer monitors.  SEC admits that the Information Technology & Mobile Communications division has involvement in the design, manufacture, and sales in certain locations of mobile devices, including mobile phones.  SEC admits that the Device Solutions division has involvement in the design, manufacture, and sales in certain locations of products and services within its Semiconductor Business, including memory products, LSI products such as system-on-chip ("SOC") semiconductor devices, image sensors, foundry services, and products in its display business.  SEC admits that the Harman division has involvement in the design, manufacture, and sales in certain locations of connected car systems, audio and visual products, enterprise

automation solutions, and connected services.  The Samsung Defendants deny any remaining allegations of Paragraph 3.

4.	SEA admits it is a corporation organized and existing under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660.  SEA admits that it is a wholly-owned subsidiary of SEC that markets and sells products and services, including smartphones and tablets, within the United States that are designed, manufactured, and/or provided by SEC and/or one or more of SEC's subsidiaries in the CE and IM divisions.  SEA admits that it maintains an office at 6625 Excellence Way, Plano, Texas 75023 that is involved in selling Samsung smartphones and tablets in the United States.  SEA further admits that it may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  The Samsung Defendants deny any remaining allegations of Paragraph 4.

5.	SSI admits that it is a corporation organized and existing under the laws of California, with its principal place of business at 3655 North First Street, San Jose, California 95134.  SSI admits it is a wholly-owned subsidiary of SEA that markets and sells Samsung semiconductors.  SSI further admits that it may be served with process through its registered agent, National Registered Agents, Inc., located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  The Samsung Defendants deny any remaining allegations of Paragraph 5.

6.	The Samsung Defendants deny the allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.	The Samsung Defendants admit that the Complaint purports to set forth an action for patent infringement that arise under the patent laws of the United States, 35 U.S.C. Title 35 § 101 *et seq.*, but deny that its claims are meritorious.  The Samsung Defendants deny all

allegations of patent infringement, and further deny that Arbor is entitled to any relief for its allegations of patent infringement whether by award of damages, injunction, or otherwise.

8. SSI denies that it resides or has a regular and established place of business in this District under 28 U.S.C. § 1400(b).  The Samsung Defendants, however, do not contest, solely for purposes of the present action, whether venue over them properly lies in this District, but the Samsung Defendants deny that venue in this District is convenient.  The Samsung Defendants deny any remaining allegations in Paragraph 8.

9. The Samsung Defendants do not challenge personal jurisdiction in the Eastern District of Texas for purposes of this case only.  The Samsung Defendants deny that they have committed acts of infringement and/or inducement of infringement in this District or elsewhere, or that they have committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  The Samsung Defendants deny any remaining allegations in Paragraph 9.

10. SSI denies that it resides or has a regular and established place of business in this District under 28 U.S.C. § 1400(b).  The Samsung Defendants, however, do not contest, solely for purposes of the present action, whether venue over them properly lies in this District, but the Samsung Defendants deny that venue in this District is convenient.  The Samsung Defendants deny that they have committed acts of infringement and/or inducement of infringement in this District or elsewhere, or that they have committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint.  The Samsung Defendants deny any remaining allegations in Paragraph 10.

### ARBOR'S [ALLEGED] INNOVATIONS

11. Upon information and belief, the Samsung Defendants deny that Arbor "pioneered and developed" ICs, stacked dies, or TSVs.  The Samsung Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore deny them.

12.     To the extent that the allegations of Paragraph 12 set forth legal conclusions, no response is required.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore deny them.

## ARBOR'S ASSERTED PATENTS

13.     The Samsung Defendants admit that a purported copy of United States Patent No. 6,781,226 is attached to the Complaint as Exhibit 1.  The Samsung Defendants admit that the '226 Patent states, on its face, that it is entitled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements" and was issued on August 24, 2004 with Jon M. Huppenthal and D. James Guzy listed as inventors.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore deny them.

14.     The Samsung Defendants deny the allegations of Paragraph 14.

15.     The Samsung Defendants admit that the '226 Patent is titled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements."  To the extent that the allegations of Paragraph 15 set forth legal conclusions, no response is required.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore deny them.

16.     The Samsung Defendants admit that a purported copy of United States Patent No. 7,282,951 is attached to the Complaint as Exhibit 2.  The Samsung Defendants admit that the '951 Patent states, on its face, that it is entitled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements" and was issued on October 16, 2007 with Jon

M. Huppenthal and D. James Guzy listed as inventors.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore deny them.

17. The Samsung Defendants deny the allegations of Paragraph 17.

18. The Samsung Defendants admit that the '951 Patent is titled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements."  To the extent that the allegations of Paragraph 18 set forth legal conclusions, no response is required.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18, and therefore deny them.

19. The Samsung Defendants admit that a purported copy of United States Patent RE42,035 is attached to the Complaint as Exhibit 3.  The Samsung Defendants admit that the '035 Patent states, on its face, that it is entitled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements" and was re-issued on January 18, 2011 with Jon M. Huppenthal and D. James Guzy listed as inventors.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19, and therefore deny them.

20. The Samsung Defendants deny the allegations of Paragraph 20.

21. The Samsung Defendants admit that the '035 Patent is titled "Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements."  To the extent that the allegations of Paragraph 21 set forth legal conclusions, no response is required.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore deny them.

22. The Samsung Defendants admit that the '226, '951, and '035 Patents are all titled

"Reconfigurable Processor Module Comprising Hybrid Stacked Integrated Circuit Die Elements."  To the extent that the allegations of Paragraph 22 set forth legal conclusions, no response is required.  The Samsung Defendants deny that Samsung has "adopted" or infringed any valid, enforceable claim asserted by Arbor.  The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22, and therefore deny them.

**DEFENDANTS' [ALLEGEDLY] INFRINGING PRODUCTS AND TECHNOLOGIES**

23.   The Samsung Defendants admit that they produced and/or sold products and services that utilized Exynos, ISOCELL, DDR4, and IMX Image Sensor ICs (collectively, the "Accused Products").

**Samsung Exynos**

24.   The Samsung Defendants admit that Exynos is a System on Chip (SOC) utilizing ARM-based processors for mobile devices.  The Samsung Defendants deny the remaining allegations of Paragraph 24.

25.   The Samsung Defendants deny the allegations of Paragraph 25.

26.   The Samsung Defendants admit that certain Samsung products have included Exynos chips.

**Samsung ISOCELL**

27.   The Samsung Defendants admit that ISOCELL (including ISOCELL Plus) is an image sensor used for the camera function in certain Samsung products.  The Samsung Defendants admit that ISOCELL (including ISOCELL Plus) is an image sensor used for the camera function in certain Samsung products.  The Samsung Defendants admit that ISOCELL enabled slimmer mobile devices to offer rich detail, vivid color, and accurate focus as described at https://www.samsung.com/semiconductor/image-sensor/mobile-image-sensor/.  The Samsung

7

Defendants admit that ISOCELL provides increased light sensitivity and color fidelity even in poor lighting conditions as described at https://news.samsung.com/global/samsung-brings-enhanced-color-accuracy-and-sharpness-to-mobile-photos-with-new-isocell-plus-technology. The Samsung Defendants deny the remaining allegations of Paragraph 27.

28. The Samsung Defendants deny the allegations of Paragraph 28.

29. The Samsung Defendants deny the allegations of Paragraph 29.

30. The Samsung Defendants deny the allegations of Paragraph 30.

31. The Samsung Defendants admit that certain Samsung products have included ISOCELL image sensors.

### Samsung DDR4 Memory

32. The Samsung Defendants admit that DDR4 Memory can work with processor chips for computational and data processing applications. The Samsung Defendants deny the remaining allegations of Paragraph 32.

33. The Samsung Defendants deny the allegations of Paragraph 33.

34. The Samsung Defendants deny the allegations of Paragraph 34.

35. The Samsung Defendants admit that certain Samsung products have included DDR4 Memory.

### Sony IMX Sensor

36. The Samsung Defendants admit that certain Samsung products have included IMX image sensors from Sony.

37. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore deny them.

38. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore deny them.

39. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore deny them.

40. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore deny them.

41. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore deny them.

42. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore deny them.

43. The Samsung Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint, and therefore deny them.

44. The Samsung Defendants admit that certain Samsung products have included IMX image sensors from Sony.

**COUNT I**

**([Alleged] Direct Infringement of the '226 Patent pursuant to 35 U.S.C. § 271(a))**

45. The Samsung Defendants incorporate by reference their responses to Paragraphs 1-44 as set forth fully herein.  Paragraph 45 does not contain allegations for the Samsung

Defendants to either admit or deny.

46. The Samsung Defendants deny the allegations of Paragraph 46.

47. The Samsung Defendants deny the allegations of Paragraph 47.

48. The Samsung Defendants deny the allegations of Paragraph 48.

49. The Samsung Defendants deny the allegations of Paragraph 49.

50. The Samsung Defendants deny the allegations of Paragraph 50.

51. The Samsung Defendants deny the allegations of Paragraph 51.

52. The Samsung Defendants deny the allegations of Paragraph 52.

53. The Samsung Defendants deny the allegations of Paragraph 53.

54. The Samsung Defendants deny the allegations of Paragraph 54.

55. The Samsung Defendants deny the allegations of Paragraph 55.

56. The Samsung Defendants deny the allegations of Paragraph 56.

57. The Samsung Defendants deny the allegations of Paragraph 57.

58. The Samsung Defendants deny the allegations of Paragraph 58.

59. The Samsung Defendants deny the allegations of Paragraph 59.

60. The Samsung Defendants deny the allegations of Paragraph 60.

61. The Samsung Defendants deny the allegations of Paragraph 61.

62. The Samsung Defendants deny the allegations of Paragraph 62.

63. The Samsung Defendants deny the allegations of Paragraph 63.

64. The Samsung Defendants deny the allegations of Paragraph 64.

65. The Samsung Defendants deny the allegations of Paragraph 65.

## COUNT II

**([Alleged] Indirect Infringement of the '226 Patent pursuant to 35 U.S.C. § 271(b))**

66. The Samsung Defendants incorporate by reference their responses to Paragraphs

1-65 as set forth fully herein.  Paragraph 66 does not contain allegations for the Samsung Defendants to either admit or deny.

67. The Samsung Defendants deny the allegations of Paragraph 67.

68. The Samsung Defendants deny the allegations of Paragraph 68.

## COUNT III

**([Alleged] Direct Infringement of the '951 Patent pursuant to 35 U.S.C. § 271(a))**

69. The Samsung Defendants incorporate by reference their responses to Paragraphs 1-68 as set forth fully herein.  Paragraph 69 does not contain allegations for the Samsung Defendants to either admit or deny.

70. The Samsung Defendants deny the allegations of Paragraph 70.

71. The Samsung Defendants deny the allegations of Paragraph 71.

72. The Samsung Defendants deny the allegations of Paragraph 72.

73. The Samsung Defendants deny the allegations of Paragraph 73.

74. The Samsung Defendants deny the allegations of Paragraph 74.

75. The Samsung Defendants deny the allegations of Paragraph 75.

76. The Samsung Defendants deny the allegations of Paragraph 76.

77. The Samsung Defendants deny the allegations of Paragraph 77.

78. The Samsung Defendants deny the allegations of Paragraph 78.

79. The Samsung Defendants deny the allegations of Paragraph 79.

80. The Samsung Defendants deny the allegations of Paragraph 80.

81. The Samsung Defendants deny the allegations of Paragraph 81.

82. The Samsung Defendants deny the allegations of Paragraph 82.

83. The Samsung Defendants deny the allegations of Paragraph 83.

84. The Samsung Defendants deny the allegations of Paragraph 84.

85. The Samsung Defendants deny the allegations of Paragraph 85.

86. The Samsung Defendants deny the allegations of Paragraph 86.

87. The Samsung Defendants deny the allegations of Paragraph 87.

88. The Samsung Defendants deny the allegations of Paragraph 88.

89. The Samsung Defendants deny the allegations of Paragraph 89.

90. The Samsung Defendants deny the allegations of Paragraph 90.

91. The Samsung Defendants deny the allegations of Paragraph 91.

92. The Samsung Defendants deny the allegations of Paragraph 92.

93. The Samsung Defendants deny the allegations of Paragraph 93.

94. The Samsung Defendants deny the allegations of Paragraph 94.

95. The Samsung Defendants deny the allegations of Paragraph 95.

## COUNT IV

### ([Alleged] Indirect Infringement of the '951 Patent pursuant to 35 U.S.C. § 271(b))

96. The Samsung Defendants incorporate by reference their responses to Paragraphs 1-95 as set forth fully herein. Paragraph 96 does not contain allegations for the Samsung Defendants to either admit or deny.

97. The Samsung Defendants deny the allegations of Paragraph 97.

98. The Samsung Defendants deny the allegations of Paragraph 98.

## COUNT V

### ([Alleged] Direct Infringement of the '035 Patent pursuant to 35 U.S.C. § 271(a))

99. The Samsung Defendants incorporate by reference their responses to Paragraphs 1-98 as set forth fully herein. Paragraph 99 does not contain allegations for the Samsung Defendants to either admit or deny.

100. The Samsung Defendants deny the allegations of Paragraph 100.

101. The Samsung Defendants deny the allegations of Paragraph 101.

102. The Samsung Defendants deny the allegations of Paragraph 102.

103. The Samsung Defendants deny the allegations of Paragraph 103.

104. The Samsung Defendants deny the allegations of Paragraph 104.

105. The Samsung Defendants deny the allegations of Paragraph 105.

106. The Samsung Defendants deny the allegations of Paragraph 106.

107. The Samsung Defendants deny the allegations of Paragraph 107.

108. The Samsung Defendants deny the allegations of Paragraph 108.

109. The Samsung Defendants deny the allegations of Paragraph 109.

110. The Samsung Defendants deny the allegations of Paragraph 110.

111. The Samsung Defendants deny the allegations of Paragraph 111.

112. The Samsung Defendants deny the allegations of Paragraph 112.

113. The Samsung Defendants deny the allegations of Paragraph 113.

114. The Samsung Defendants deny the allegations of Paragraph 114.

115. The Samsung Defendants deny the allegations of Paragraph 115.

116. The Samsung Defendants deny the allegations of Paragraph 116.

117. The Samsung Defendants deny the allegations of Paragraph 117.

118. The Samsung Defendants deny the allegations of Paragraph 118.

119. The Samsung Defendants deny the allegations of Paragraph 119.

120. The Samsung Defendants deny the allegations of Paragraph 120.

121. The Samsung Defendants deny the allegations of Paragraph 121.

122. The Samsung Defendants deny the allegations of Paragraph 122.

123. The Samsung Defendants deny the allegations of Paragraph 123.

124. The Samsung Defendants deny the allegations of Paragraph 124.

## COUNT VI

### ([Alleged] Indirect Infringement of the '035 Patent pursuant to 35 U.S.C. § 271(b))

125. The Samsung Defendants incorporate by reference their responses to Paragraphs 1-124 as set forth fully herein. Paragraph 125 does not contain allegations for the Samsung Defendants to either admit or deny.

126. The Samsung Defendants deny the allegations of Paragraph 126.

127. The Samsung Defendants deny the allegations of Paragraph 127.

## [ARBOR'S] PRAYER FOR RELIEF

The Samsung Defendants deny the underlying allegations of Arbor's Prayer for Relief against the Samsung Defendants, deny that Arbor is entitled to any relief whatsoever, and request that the Court deny all relief to Arbor, enter judgment in favor of the Samsung Defendants, and award the Samsung Defendants their attorney's fees as the prevailing party in the action.

## DEMAND FOR JURY TRIAL

The Samsung Defendants admit that Arbor demands a trial by jury, and the Samsung Defendants likewise demand a trial by jury on all issues so triable.

## GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Samsung denies them.

## THE SAMSUNG DEFENDANT'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), the Samsung Defendants, without waiver, limitation, or prejudice, hereby assert the additional defenses listed below. Samsung reserves the right to amend this Answer to add additional defenses, including allegations of

inequitable conduct, and/or any other defenses currently unknown to the Samsung Defendants, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that Samsung has the burden of proving the matter asserted.

### FIRST ADDITIONAL DEFENSE
### (Non-Infringement)

The Samsung Defendants do not infringe and have not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the asserted patents, either literally or under the Doctrine of Equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

### SECOND ADDITIONAL DEFENSE
### (Invalidity)

Each asserted claim of the asserted patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD ADDITIONAL DEFENSE
### (Reissue Requirements)

Each asserted claim of the '035 Patent is invalid for failure to comply with the requirements of 35 U.S.C. § 251 and the rules, regulations, and laws pertaining thereto.  The '035 Patent is a reissue patent that fails to comply with at least the original patent requirement of this section.

### FOURTH ADDITIONAL DEFENSE
### (Laches, Estoppel, Waiver, and Unclean Hands)

Arbor's attempted enforcement of the asserted patents against the Samsung Defendants is barred by laches, estoppel, waiver, acquiescence, and/or unclean hands.

## FIFTH ADDITIONAL DEFENSE
### (Prosecution History Estoppel)

Arbor's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents.

## SIXTH ADDITIONAL DEFENSE
### (Failure to State a Claim)

Arbor's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH ADDITIONAL DEFENSE
### (Lack of Standing)

Arbor does not have standing to assert the asserted patents against the Samsung Defendants.

## EIGHTH ADDITIONAL DEFENSE
### (Marking)

Any claim for damages by Arbor is limited by its failure to mark, including without limitation, to the extent Arbor contends there are products covered by the asserted patents, Arbor's failure to mark its own products with the numbers of the asserted patents and/or its failure to require and/or police the marking of Arbor's customers and licensees.

## NINTH ADDITIONAL DEFENSE
### (Notice, Damages, and Costs)

Arbor's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.  Arbor is barred from recovering costs in connection with this action under 35 U.S.C. § 288.  Arbor's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Arbor is not entitled to a double recovery.

## TENTH ADDITIONAL DEFENSE
### (Not an Exceptional Case)

If Arbor is entitled to any remedy, Arbor is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## ELEVENTH ADDITIONAL DEFENSE
### (No Willful Infringement)

Arbor's claims for enhanced damages, if any, and an award of fees and costs against the Samsung Defendants have no basis in fact or law and should be denied.

## RESERVATION OF ADDITIONAL DEFENSES

The Samsung Defendants reserve the right to assert additional defenses that may surface through discovery in this action.

Date: April 27, 2020

Respectfully submitted,

*/s/ Francis J. Albert*
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
D.C. Bar No. 459780
mckeon@fr.com
Indranil Mukerji
MA Bar 644059
mukerji@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile:  (202) 783-2331

Francis J. Albert
CA Bar No. 247741
albert@fr.com
Timothy J. Rawson
CA Bar No. 304755
rawson@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real, Suite 100
San Diego, CA  92150
Telephone: (858) 678-5070
Facsimile:  (858) 378-5099

Anthony V. Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile:  (713) 652-0109

Melissa Richards Smith
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:   (903) 934-9257

**ATTORNEYS FOR SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 27, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                    */s/ Francis J. Albert*
                                                    Francis J. Albert