IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARBOR GLOBAL STRATEGIES LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG<br>SEMICONDUCTOR, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§   Case No. 2:19-cv-00333-JRG-RSP<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **MEMORANDUM ORDER**

Before the Court is the Renewed Motion to Stay Pending *Inter Partes* Review ("Motion"), filed by Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (Dkt. No. 165). After consideration, the Motion is **GRANTED**.

**I.     BACKGROUND**

Plaintiff Arbor Global Strategies LLC ("Arbor") sued Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor, Inc. (collectively, "Samsung") on October 11, 2019, asserting U.S. Patent Nos. 6,781,226, 7,282,951, and RE42,035 (collectively, the "Asserted Patents"). Dkt. No. 1 at 5–6.[1] Arbor alleges that hundreds of memory products from Samsung as well as Sony and Qualcomm infringe the Asserted Patents. *See* Dkt. No. 165 at 7–8. On March 9, 2020, Arbor served its infringement contentions, identifying the forty-five claims it contends Samsung infringes. *See* Dkt. No. 29.

On May 29, 2020, Samsung filed *inter partes* review ("IPR") petitions for each of the Asserted Patents, accounting for all forty-five asserted claims. *See* Dkt. No. 46 at 4–5. Samsung

---
[1] Citations are to the page numbers assigned through ECF.

explains that it waited until after Arbor had served its infringement contentions so Samsung would know the specific claims that Arbor alleged it infringed. *See* Dkt. No. 165 at 5. A month later, Samsung filed a motion to stay pending IPR requesting that the Court stay this case until the Patent Trial and Appeal Board ("Board") decided the IPR of the Asserted Patents. Dkt. No. 46. The Court denied that motion stating:

> Samsung needs to show that every asserted claim has a reasonable likelihood of being invalidated by the Board for the Court to grant Samsung's Motion. Here, the Board has not publicly determined that any asserted claim has a reasonable likelihood of being invalidated. Accordingly, the simplification factor strongly weighs against a stay . . . the Motion is denied without prejudice.

Dkt. No. 56 at 5. After the motion was denied, the case continued to progress towards trial. The Court held a claim construction hearing and issued its claim construction order. The parties also, among other things, completed fact discovery, exchanged opening expert reports, and took fact depositions. *See* Dkt. No. 169 at 14.

On December 2, 2020, the Board granted Samsung's IPR petitions, which included all forty-five asserted claims. *See* Dkt. Nos. 165-2, 165-3, 165-4. Samsung subsequently filed this Motion on December 15, 2020, notifying the Court of this development.[2] *See* Dkt. No. 165 at 4.

At the time Samsung filed the Motion, expert discovery was still ongoing, dispositive and *Daubert* motions were not yet due, the pretrial conference was less than three months away, and trial was less than four months away. *See* Dkt. No. 98 at 1–3.

## II.  LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051,

---

[2] After Samsung filed the Motion on December 15, 2020, the Court entered an order expediting briefing. Dkt. No. 166. Arbor responded to Samsung's Motion on December 23, 2020. Dkt. No. 169. Samsung replied on December 28, 2020. Dkt. No. 171. Arbor did not file a sur-reply.

at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III. ANALYSIS

Samsung has shown both that the Board granted Samsung's petitions on all asserted claims and that the Board is likely to invalidate all asserted claims. *See e.g.* Dkt. No. 165-2.

#### a. Undue Prejudice

The Court previously weighed this factor as neutral since it found that a stay would not cause any case-specific prejudice. *See* Dkt. No. 56 at 4. The parties do not offer any additional arguments for this factor beyond what was already stated in the previous motion. Arbor expresses concern that the stay could be extend beyond the PTAB's decision on the IPR, but the Court may

not extend the stay for any appeal by Defendant if the PTAB denies relief as to certain asserted claims. That will be a decision for another day.

Accordingly, this factor remains neutral.³

### b. Stage of the Case Proceedings

The Court denied Samsung's original motion to stay on August 10, 2020. This Motion was filed on December 15, 2020. The Court, therefore, reconsiders this factor in light of the current stage of the case proceedings. *Peloton Interactive*, 2019 WL 3826051, at *5 ("Usually, the Court evaluates the stage of the case as of the time the motion was filed.") (citations omitted).

Samsung argues a stay is warranted because "[w]hile fact discovery is largely complete," the parties still need "to file and brief motions for summary judgment, motions to strike, *Daubert* motions, and motions *in limine*." Dkt. No. 165 at 13 (footnote omitted). Arbor counters that "the parties have expended significant resources diligently moving the litigation." Dkt. No. 169 at 14. Arbor specifically argues that the Court entered a claim construction order, fact discovery has closed, and the parties have addressed multiple discovery issues, taken multiple fact depositions, and exchanged opening expert reports. *See id.*

This case is currently set for trial on April 5, 2021. Dkt. No. 98 at 1. While this fact weighs against a stay, the Court considers the diligence shown by Samsung in pursuing the IPR process. It is not unreasonable for the defendant to await the service of infringement contentions in a complicated case such as this, in order to be sure which claims are asserted, before filing the IPR. The delay between contentions and the filing of the IPR petitions is concerning but on this record it is not so excessive as to indicate an effort to manipulate the schedule. The Court has stayed cases

---

³ The Court already considered the three stay factors in its previous order regarding Samsung's original motion to stay. *See id.* at 3–6. The Court incorporates its previous analysis here, only discussing new facts and arguments presented by the parties.

at a similar stage before. *See e.g., Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-cv-505-JRG, 2017 WL 7051628, *1–2 (E.D. Tex. Oct. 25, 2017). Furthermore, Defendant did not delay in notifying the Court of its desire to seek a stay of the litigation while the IPR proceeds. Furthermore, while this case has progressed since the last motion was decided, there are still major milestones left.

Accordingly, this factor remains neutral.

### c. Issue Simplification

In light of the Board's institution decision, the Court will reconsider this factor. The "universal practice" in this District, as well as the practice of most district courts, is to deny a motion for stay when the Board has not yet acted on the IPR petition(s). *Trover*, 2015 WL 1069179, at *6 (collecting cases); *see also Peloton Interactive*, 2019 WL 3826051, at *2 (citation omitted). Here, the Board instituted on all asserted claims. *See e.g.* Dkt. No. 165-2.

Post-*SAS*, however, Samsung must point to more than a successful petition to show "that the Board is likely to invalidate every asserted claim." Dkt. No. 56 at 6 (citing *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018)); *see also Peloton Interactive*, 2019 WL 3826051, at *2. First, the Board granted institution on more than one asserted ground. *See* Dkt. No. 165 at 6–7 (compiling in a chart the grounds and references which the Board relied on for each challenged claim), 11; *see also* Dkt. Nos. 165-2, 165-3, 165-4. Second, the Board expressly noted that Samsung "sets forth a strong showing of unpatentability on the challenged claims." *See e.g.* Dkt. No. 165-2 at 9. Taken together, Samsung has met its burden.

Arbor expresses concern that Samsung will not be estopped in this case from raising grounds that it could have, but did not, raise in its IPRs if the claims survive review. *See* Dkt. No. 169 at 11–13. Arbor's fear stems from Samsung's statement in brief that "it will not pursue district

court invalidity challenges based on the exact same asserted grounds raised in any instituted IPRs." Dkt. No. 165 at 12 (citing Dkt. No. 165-7). Samsung is correct that it will be estopped from asserting the same grounds it raised during its IPRs. However, the resulting estoppel from an IPR is broader than Samsung's stipulation. "The petitioner in an inter partes review of a claim . . . may not assert [] in a civil action . . . that the claim is invalid on any ground that the petitioner raised or *reasonably could have raised during that inter partes review*." 35 U.S.C. § 315(e)(2) (emphasis added). Congress passed this statutory scheme. Samsung cannot stipulate to less. Therefore, Arbor's concerns are unfounded.

Accordingly, this factor weighs in favor of granting the Motion.

## IV. CONCLUSION

After consideration, the Court **GRANTS** Samsung's Motion. Dkt. No. 165. It is therefore **ORDERED** that this case is **STAYED** until further Order of this Court. The parties shall file a joint notice within ten days of the Board's final decision regarding patentability of the claims in each asserted patent.

**SIGNED this 7th day of January, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE